JAMES H. HART, RECEIVER, v. JOHN W. STEPHENS, COMPTROLLER.

No. 1665.          Decided March 13, 1907.

**Receiver—Foreign Corporation—Deposit with Treasurer—Mandamus.**

The receiver of an insolvent foreign corporation which had deposited money and securities with the State Treasurer, as required by chapter 94, Acts of Twenty–fifth Legislature, is entitled, where the court has adjudicated the rights of all parties in the fund, to have a warrant drawn by the Comptroller, in his favor, for such deposit, and may enforce such right by mandamus from the Su– preme Court; and this though an appeal may be pending by one of the litigants involving questions of priority in the distribution of the fund. (Stephens, ex parte, ante, p. 177.)     (Pp. 412, 413.)

Original application in the Supreme Court for writ of mandamus against Stephens as State Comptroller.

*Lackey & Lewright* and *Allen & Hart,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent.

BROWN, ASSOCIATE JUSTICE.—The relator, James H. Hart, was, by the District Court of the Fifty-third District, Travis County, appointed receiver in a suit styled J. F. Salisberry v. The Colonial Security Company and others, in which suit the Tontine Loan and Security Company of St. Louis, Missouri, the Southern Mutual Investment Company of Lexington, Kentucky, the North American Investment Company of the United States, and the American Reserve Bond Company, were made parties defendants. Salisberry charged that each of the said corporations had made deposits in the State Treasury of cash and bonds, and by different transactions of the said companies the entire fund now belonged to the American Reserve Bond Company, which was liable for and had assumed all the obligations of each of the other companies. The proceeding was had under chapter 94 of the Laws of the Twenty-fifth Legislature, the fourth section of which reads as follows: "In case of

the failure of any company covered by this act, the District Court of the county or city in which the principal office is located, upon the application of one or more shareholders, shall appoint a receiver for such company, whose duty it shall be to wind up its affairs, liquidate its debts, and distribute its assets, using therefor, upon the order of the court, the deposit previously made, to secure the shareholders, with the State Treasurer; and the State Treasurer is hereby authorized to pay out such deposit in accordance with requisitions made upon the State Comptroller by said receiver and approved by the court upon the warrant of the State Comptroller."

Upon investigation of the matter, after due notice to all parties interested in the said fund, the District Court adjudicated the rights of the depositors, and of the persons who were interested in the said deposit as creditors, and classified their claims for payment. Raymond E. Parker, one of the interveners, has appealed to the Court of Civil Appeals upon the question of priority given to all other claims over his, but the appeal does not involve in any way the right of the creditors of the corporation to have the fund appropriated to the payment of their demands. The District Court directed the receiver to make requisition upon the Comptroller for a warrant for enough of the fund, $1,250, to pay the expenses of the law suit, which requisition the receiver made, and the court approved the same, but the Comptroller declined to honor the requisition, and this action was brought in this court for a mandamus to compel the Comptroller to issue the warrant.

Since the trial of the writ of habeas corpus, in which the question here involved was to some extent presented, the District Court has fully disposed of the question at issue and settled the rights of all parties to the litigation in the fund. Under the section of the law above quoted, the court has authority to demand, and it is the duty of the Comptroller, upon the order of the court, to draw a warrant upon the Treasurer for the funds deposited in his department to be disposed of by the court. We see no reason why the funds and the assets of the corporation in the treasury should not now be surrendered to the District Court to be distributed according to its judgment. The appeal by one of the interveners upon the question of priority of payment does not militate against the right of the trial court to the possession of the fund, for that court has the power, and no doubt will, protect the rights of the appellant by reserving a sufficient amount of the fund to meet his demand in case his appeal should prove successful. It is therefore ordered that the writ of mandamus, as prayed for, issue in this case.